**GUI CHUN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5510–ag.

United States Court of Appeals, Second Circuit.

May 22, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, John T. Harmon, Assistant United States Attorney, Montgomery, Alabama, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Gui Chun Chen, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Barbara Nelson's decision denying his motion to reopen his exclusion proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA adopts and affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Id.* An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Motions to reopen must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1). There is no dispute that Chen's motion was untimely, but he argues that his motion falls within the exception requiring "changed circumstances arising in the country of nationality...." 8 C.F.R. § 1003.23(b)(4)(i). In his motion to reopen, Chen asserted that his case should be reopened because he now has two children born in the United

**124**

States. However, this Court has already held that a change in an individual's personal circumstances does not qualify under the second exception; an individual must demonstrate that the country conditions have changed in order for the second exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child in the United States); *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir. 2003).

■ Chen also argued that the Chinese government has changed how the family planning policy is implemented. Chen's documents, however, show only the basic components of the policy; they do not show how that policy has changed. Chen also submitted an affidavit from Dr. John Aird and other articles regarding the Chinese family planning policy. While Dr. Aird's affidavit offers some evidence that alleges that U.S.-born children are treated the same as children born in China under the family planning policy, because the affidavit was not specifically prepared for Lin and is not particularized with regard to his circumstances, its relevance is limited. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006). Moreover, the Aird documents do not demonstrate how the policy changed following the new enactments in 2002. With the information provided in support of Chen's motion to reopen, the BIA did not abuse its discretion in determining that Chen failed to prove changed conditions arising in China.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).